IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL HILL, as Special Administrator )
of the Estate of Jimmy Hill, )
 )
          **Plaintiff,** )
 )
v. ) Case No. CIV-13-429-RAW
 )
J.B. HUNT TRANSPORT, INC., and )
O.K. FARMS, INC., )
 )
          **Defendants.** )

## ORDER

Before the court is the motion of the defendant O.K. Farms, Inc. ("O.K. Farms") for summary judgment. Defendant J.B. Hunt Transport, Inc. ("Hunt") is a nationwide company that moves different types of products. O.K. Farms operates a chicken hatchery. O.K. Farms hired Hunt to deliver chickens to the customers of O.K. Farms. Troy Ford ("Ford"), an employee of Hunt, drove a truck to the farm of Rodger Gentry. Ford then operated a forklift to move the baby chicks into one of Mr. Gentry's chicken houses. Accompanying Ford was Aaron Mize ("Mize"), who was employed by O.K. Farms as a "chick truck helper." O.K Farms asserts that "[t]he sole duty of the temporary worker is to open and close the doors on the trailer in order that the chicks remaining in the trailer do not become overheated due to exposure to the high summer temperatures." (#65 at 2).

In any event, Mize volunteered to be a "spotter" to help guide the forklift. Plaintiff's decedent, Jimmy Hill ("Hill") was a friend of Mr. Gentry who was voluntarily helping place chickens in the chicken house. Hill's leg was run over by the forklift, breaking his right

ankle. The injury took place on August 24, 2012. Hill subsequently died on December 2, 2012. Plaintiff sues both defendants for negligence.

The standard for granting a motion for summary judgment is set forth in Rule 56(a) F.R.Cv.P. The court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Doe v. City of Albuquerque,* 667 F.3d 1111, 1122 (10th Cir.2012).

O.K Farms argues that Mize was not asked to be a "spotter" and that his sole purpose of entering the barn was to watch the feeder and water lines on the side of the chicken house, not what was transpiring in front of the forklift. Plaintiff relies upon the Restatement (Second) of Torts §324A, which essentially provides that "once one assumes the duty to act towards a particular person, and engenders reliance thereon by that person, there is then a legal obligation to act with care and an obligation not to worsen the situation." *Black Hills Aviation, Inc. v. United States,* 34 F.3d 968, 977 (10th Cir.1994).[1] O.K. Hills has raised a creditable argument that this doctrine is inapplicable under the present record. Viewing that record in the light most favorable to plaintiff, however, the court declines to grant summary judgment on that basis.

O.K. Hills alternatively contends that whatever actions Mize took were outside the scope of his employment. Generally, a master is not subject to liability for the torts of his servants acting outside the scope of their employment. *See* Restatement (Second) of Torts,

---

[1] Oklahoma jurisprudence acknowledges this provision. *See Truitt v. Diggs*, 611 P.2d 633, 636 (Okla.1980).

§219(2). When the degree and extent of the deviation is so uncertain that reasonable contrary inferences may be drawn, the issue of whether an employee was within the scope of employment must be sent to the jury. *See Sheffer v. Carolina Forge Co., L.L.C.,* 306 P.3d 544, 551 (Okla.2013). Again, viewing the record in the light most favorable to plaintiff, the court will deny the motion. Of course, the issues described above may be revisited at the conclusion of plaintiff's case in chief.

Finally, O.K. Farms argues that the evidence is insufficient for an award of punitive damages. For the reasons stated in the companion order ruling on defendant Hunt's motion for partial summary judgment, this aspect of the motion will also be denied at this time.[2]

It is the order of the court that the motion for summary judgment (#65) is hereby DENIED.

**ORDERED THIS 22nd DAY OF OCTOBER, 2014.**

**Dated this 22nd day of October, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] If anything, O.K. Farms has an even stronger argument than defendant Hunt that punitive damages should not be imposed against it. Nevertheless, the court will hear plaintiff's presentation before revisiting the issue.

3