# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL HILL, as Special Administrator )
of the Estate of Jimmy Hill, )
                                                  )
                **Plaintiff,** )
                                                  )
v. )         Case No. CIV-13-429-RAW
                                                  )
J.B. HUNT TRANSPORT, INC., and )
O.K. FARMS, INC., )
                                                  )
                **Defendants.** )

## ORDER

Before the court is the motion of the defendant J.B. Hunt Transport, Inc. for partial summary judgment. The facts have been set forth in a companion order ruling on the motion for summary judgment of defendant O.K. Farms, Inc.

Movant does not seek summary judgment as to liability, leaving the disputed facts for resolution by a jury. Instead, movant asks for judgment as to plaintiff's request for punitive damages. Perhaps surprisingly, the issue of whether it is generally <u>appropriate</u> under Oklahoma law to grant summary judgment as to punitive damages is not perfectly clear.[1]

Plaintiff interprets *Haberman v. The Hartford Ins. Grp.,* 443 F.3d 1257, 1271 (10th Cir.2006) as standing for the proposition that "[t]he issue is always to be submitted to the jury unless there is absolutely <u>no evidence whatsoever</u> supporting the claim." (#68 at

---

[1] The court in *LeBlanc v. Travelers Home and Marine Ins. Co.,* 2011 WL 2748616 (W.D.Okla.2011) granted a motion for summary judgment as to punitive damages, but arguably this is limited to insurance bad faith claims. *See Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1106 (Okla.2005)("Even where there is evidence to support recovery of actual damages *in this type of case*, submission of the issue of punitive damages to a jury may be improper.")(emphasis added).

11)(emphasis in original). This is not quite accurate, and plaintiff states the issue accurately in later sentences. Rather, the court must review the summary judgment issue bearing in mind the heightened evidentiary standard for a punitive damages claim under Oklahoma law. *Dutton v. Merit Energy Co.,* 2014 WL 2040615, *3 (W.D.Okla.2014). That heightened standard is "clear and convincing evidence" under 23 O.S. §9.1. Thus, the issue must be submitted to the jury unless there is "no evidence" <u>sufficient</u> under the heightened standard.[2] The court in *Dutton* reviewed a similar motion and ultimately denied it, but in no way indicated such a motion was inappropriate or would be denied as a matter of course. The court concluded: "Due to the heightened burden of proof required, the Court entertains some doubt as to whether the issue of punitive damages will ultimately remain for the jury." *Id.* at *5. This court entertains the same doubt, but (viewing the record in the light most favorable to plaintiff) the motion will not be granted at this time.

In the alternative, defendant contends the Oklahoma punitive damages statute is unconstitutional. Under the doctrine that constitutional questions should be avoided if narrower grounds for decision exist, this aspect of the motion will also be denied at this time. *See Laney v. Schneider Nat. Carriers, Inc.,* 2011 WL 1667434, *3 (N.D.Okla.2011)("Given that the Court may grant a Rule 50 motion as to punitive damages after hearing evidence at trial, a determination as to the constitutionality of Section 9.1 could very well be unnecessary").

---

[2]*See Estrada v. Port City Properties, Inc.,* 258 P.3d 495, 504 (Okla.2011)(Nothing in the current statutory framework changes the trial court's responsibility to determine whether any competent evidence exists which would *warrant* submission of the question of punitive damages to the jury.)

Finally, movant seeks dismissal of any claim for negligent hiring, training or supervision because movant stipulates that its employee Ford was acting within the scope of his employment at the time. "Because the City stipulates that Noe was acting within the scope of his employment, and that vicarious liability pursuant to the respondeat superior doctrine is therefore applicable, the cause of action for negligent hiring, training, and supervision is not available." *Morris v. City of Sapulpa,* 2011 WL 1627098 (N.D.Okla.2011)(citing *Jordan v. Cates,* 935 P.2d 289, 292 (Okla.1997)). In response, plaintiff has conceded the point.

It is the order of the court that the motion for partial summary judgment (#64) is hereby DENIED as to punitive damages and GRANTED as to any claim for negligent hiring, training or supervision.

**ORDERED THIS 22nd DAY OF OCTOBER, 2014.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma