# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL HILL, as Special Administrator )
of the Estate of Jimmy Hill, )
                                     )
              Plaintiff, )
                                     )
v. ) Case No. CIV-13-429-RAW
                                     )
J.B. HUNT TRANSPORT, INC., and )
O.K. FARMS, INC., )
                                     )
              Defendants. )

## AMENDED ORDER[1]

Before the court is the motion of defendant J.B. Hunt Transport, Inc. ("Hunt") for new trial pursuant to Rule 59(a) F.R.Cv.P.[2] In this negligence action, the jury returned a verdict (#132) in favor of plaintiff for $3,400,000. Taking account of the jury's finding of 98% negligence on the part of Hunt and 2% negligence on the part of non-party Rodger Gentry, the court entered a judgment (#136) in favor of plaintiff and against Hunt in the amount of $3,332,000.[3]

First, Hunt argues that the court erred in not enforcing a subpoena requiring Troy Ford ("Mr. Ford") to appear at trial and in not permitting Ford's video deposition to be used at

---

[1] This order corrects a typographical error as to the amount of the judgment.

[2] Such a motion is generally not regarded with favor, and is granted only with great caution. The party seeking to set aside a jury verdict must either show trial error which constitutes prejudicial error or that the verdict was not based on substantial evidence. *Smith v. Cochran,* 182 Fed.Appx. 854, 864 (10th Cir.2006).

[3] Before submission to the jury, the court granted the motion of co-defendant O.K. Farms, Inc. for judgment as a matter of law pursuant to Rule 50 F.R.Cv.P.

trial. This case litigated an accident involving a forklift (or "Moffett") which took place in August, 2012. Mr. Hill, the injured party and plaintiff's decedent, died in December, 2012. Ford was the driver of the Moffett at the time of the accident.

At the pretrial conference on October 23, 2014, no issue of Ford's attendance was raised.[4] Trial commenced on October 28, 2014. As the minute sheet (#124) reflects, plaintiff's counsel then raised the issue of Mr. Ford to which defense counsel responded. The issue seemed of more import to plaintiff than defendant at that time. The court advised that it had no evidence before it on the issue and declined to enter an order. On October 29, 2014, defendant filed a motion (#123) requiring witness to obey subpoena and to attend trial. The motion requesting the court to either (1) issue a show cause order to Mr. Ford or (2) declare him unavailable under Rule 804(a)(5)(A) F.R.Evid.

The issuance of a show cause order does not compel immediate attendance. In the present motion, Hunt argues that "it was abuse of discretion not to authorize the U.S. Marshals Service to retrieve Ford from his home and force compliance with the trial subpoena (#153) at 11. As the court explained at the time, it had been represented that Mr. Ford was a truck driver. There was no certainty (to say that the least) that he would have been at the address which had been provided. The court declined to suspend the trial while

---

[4]Hunt's brief relates a conversation between defense counsel Curtis Roberts and Mr. Ford taking place on October 22, 2014. The brief states: "At the end of the eight-minute conversation, Ford informed Roberts that despite his anger toward J.B. Hunt, he would probably show up for trial. Roberts and Ford discussed hotel accommodations and expenses. Ford asked Roberts to call him the next day to confirm." (#153) at 2-3. Again, this information was not brought up at the pretrial conference.

the marshals engaged in a possible wild goose chase. The issue should have been brought to the court's attention before commencement of trial, when more practical options (such as a continuance) are available.

Alternatively, Hunt states that the court could have permitted the use of Mr. Ford's deposition pursuant to Rule 32(a)(4)(E) F.R.Cv.P., which permits a party to use the deposition of a witness, whether or not a party, "if the court finds . . . on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." The Rule's "exceptional circumstances" language grants the district court considerable discretion in determining whether to admit deposition testimony. *McDowell v. Blankenship,* 759 F.3d 847, 851 (8th Cir.2014). The circumstances of a witness's absence are exceptional when akin to the witness being "unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena." *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 963 (10th Cir.1993). Here, it was not established that Ford's attendance was "unprocurable through a subpoena," except that the desire for Ford's presence was only raised after commencement of trial.

Ultimately, after review, the court determined that the deposition of Mr. Ford would not be used. This ruling was based on failure to submit deposition designations at any point[5] and the court's belief that the Ford deposition added little. On the latter point, the court

---

[5] Under the second amended scheduling order (#43), deposition designations were due by October 13, 2014, two weeks before trial.

3

agrees with plaintiff (#154 at 4-5) that the deposition contained hearsay as to the conduct of Mr. Hill, which hearsay would have been excluded, and was cumulative of points otherwise explored in other testimony and cross-examination.

Evidentiary rulings made at trial are reviewed for an abuse of discretion. *Lowber v. City of New Cordell,* 378 Fed. Appx. 836, 839 (10th Cir.2010). If there is error in the admission or exclusion of evidence, a jury verdict will be set aside only if the error prejudicially affects a substantial right of a party. *Hinds v. General Motors Corp.,* 988 F.2d 1039, 1049 (10th Cir.1993). The effect on the jury of evidence can only be prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result. *Id.* The court is not persuaded that Hunt has met this burden for the reasons stated. A new trial will not be granted on this basis.

In the alternative, Hunt seeks a new trial based on excessive damages or a remittitur of damages.[6] When a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Ryan Dev. Co. v. Ind. Lumbermens Mut. Ins. Co.,* 711 F.3d 1165. 1172 (10th Cir.2013). "Trial by jury is the bedrock right of our legal system." *Prager v. Campbell County Mem. Hosp.,* 731 F.3d 1046, 1061 (10th Cir.2013). The jury's award is inviolate, and remains inviolate so long as it is not so excessive as to shock the judicial

---

[6]"There is no specific provision for a remittitur under the Federal Rules of Civil Procedure, but the practice has long been approved as an alternative to a new trial" *G.M. Garrett Realty, Inc. v. Century 21 Real Estate Corp.,* 17 Fed. Appx. 169, 172-73 (4th Cir.2001). Whether Rule 59(a) or 59(e) is the proper vehicle, Hunt has cited both.

4

conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial. *Id.* at 1062. The district court abuses its discretion in ordering a remittitur when the size of the verdict turns upon conflicting evidence and the credibility of witnesses. *Id.* at 1061-62.

In a diversity case, state law governs the propriety of an award of damages – that is, whether it is excessive or inadequate. *Id.* at 1062. The Supreme Court of Oklahoma has stated that "[g]iven the nature of damages for wrongful death, if the amount awarded is not flagrantly outrageous and extravagant, the court cannot undertake to draw a line at a certain amount since the court cannot ascertain the excess." *Currens v. Hampton,* 939 P.2d 1138, 1141 (Okla.1997). After considering the jury's verdict in light of the principles recited above, the court declines to grant a new trial or a remittitur either.

It is the order of the court that the motion for new trial (#153) is hereby denied.

**ORDERED THIS 3rd DAY OF MARCH, 2015.**

**Dated this 3rd day of March, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma