# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL HILL, as Special Administrator of the Estate of Jimmy Hill, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-13-429-RAW<br>) |
| J.B. HUNT TRANSPORT, INC., and<br>O.K. FARMS, INC., | )<br>)<br>) |
| Defendants. | ) |

## **ORDER**

Before the court is the motion of the plaintiff for prejudgment interest. Plaintiff received a jury verdict in its favor against defendant J.B. Hunt Transport, Inc. in this negligence action. "A federal court sitting in diversity applies state law regarding prejudgment interest." *ClearOne Communications, Inc. v. Chiang,* 432 Fed.Appx. 770, 773 (10th Cir.2011). Here, the governing statutory provision is 12 O.S. §727.1(E), "which allows prejudgment interest on a judgment for personal injury damages." *Brown v. USA Truck, Inc.,* 2013 WL 4848837, *26 (W.D.Okla.2013).

This section also states, however, that "No prejudgment interest shall begin to accrue until twenty-four (24) months after the suit resulting in the judgment was commenced." The present case was commenced by petition filed in LeFlore County, Oklahoma, on September 5, 2013. Under the plain language of the statute, the accrual of prejudgment interest cannot begin until September 5, 2015. Inasmuch as a judgment was entered in this case on November 4, 2014, accrual of prejudgment interest will never begin. This is an odd result,

but appears to be mandated by the statute. Defendant raised this statutory language in its response (#149 at 8) and plaintiff has not suggested an alternate reading.

It is the order of the court that the motion of the plaintiff for prejudgment interest (#137) is hereby denied.

**ORDERED THIS 30th DAY OF APRIL, 2015.**

**Dated this 30th day of April, 2015.**

_[signature]_
Ronald A. White
United States District Judge
Eastern District of Oklahoma